```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS WILLIAM GRAHAM,              )
                                    )
         Petitioner                 )
                                    )
    vs.                             )
                                    )
RICHARD GIGLIOTTI, Warden, THE      )   Civil Action No. 05-925
DISTRICT ATTORNEY OF BUTLER COUNTY,)    Judge Schwab/
and THE ATTORNEY GENERAL OF THE     )   Magistrate Judge Hay
COMMONWEALTH OF PENNSYLVANIA,       )
                                    )
         Respondents                )
```

## NOTICE TO PETITIONER AND MEMORANDUM ORDER

Thomas William Graham ("Petitioner") is currently a convicted prisoner in the custody of the Pennsylvania Department of Corrections. At the time of initiating this civil action, however, he was in pre-trial custody, awaiting trial in the Butler County Prison. In addition, he was transferred to several different county prisons during his pre-trial confinement, apparently due, in part, to prison overcrowding.

Petitioner filed what he captioned as a "Petition for Writ of Habeas Corpus." However, rather than challenging his conviction or sentence (which had not yet occurred), he challenged the conditions of his pre-trial confinement, alleging a laundry list of complaints as follows:  lack of mental health treatment, failure to provide adequate access to legal materials, and the loss or confiscation of some legal materials, interference with his Sixth Amendment right to counsel by not providing a private room for him to speak to his lawyer via

phone, his allegedly intolerable cell conditions, which included flickering lights, broken toilets, water dripping, poor ventilation, etc.

Traditionally, a writ of habeas corpus sought to challenge the fact or length of confinement. Preiser v. Rodriguez, 411 U.S. 475 (1973); Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) ("[a]ccording to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement."). In contrast, if a prisoner sought to challenge the conditions of confinement, his remedy was by way of an action pursuant to 42 U.S.C. § 1983, if suing state actors, or pursuant to Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), if suing federal actors. See Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). The Supreme Court has specifically left open the question of whether the conditions of confinement may be challenged by way of habeas corpus. See Bell v. Wolfish, 441 U.S. 520, 527 n.6 (1979)("Thus, we leave to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of the confinement itself."). The Court of Appeals for the Third Circuit, however, does appear to have answered this question, indicating that "[t]raditionally, the writ of habeas corpus has functioned to test the legality of confinement rather

than the manner in which the detention is administered. Thus habeas corpus is not a proper proceeding to investigate complaints by prisoners of mistreatment since such complaints do not attack the legality of the confinement." Long v. Parker, 390 F.2d 816, 818 (3d Cir. 1968).

Because this court is not free to construe the present petition as filed pursuant to 42 U.S.C. § 1983, asserting a civil rights cause of action, see United States v. Miller, 197 F.3d 644 (3d Cir. 1999), the Court hereby provides the prisoner notice and opportunity to choose how he would like to proceed.[1]

First, Petitioner may choose to have his petition ruled on as filed, namely, ruled on as a habeas petition that seeks to challenge the conditions of his confinement. In light of the discussion above and the Third Circuit authority against such a challenge, the consequences of this course are manifest. Petitioner should consider this course carefully.

The second choice is for Petitioner to have the court recharacterize the petition as a complaint in a civil action pursuant to 42 U.S.C. § 1983. The consequences of this course are that Petitioner would be required to pay a filing fee of $250.00 (as opposed to the $5.00 filing fee for habeas cases)

---

[1] Although the Court in Miller dealt with recharacterizing pro se motions as a Section 2255 motion, those basic principles of notice about consequences and giving the pro se litigant a choice as to how he would like to proceed are equally applicable herein because the concerns about potential adverse consequences to the pro se litigant are the same in Miller as herein.

even if granted *in forma pauperis* status as the grant of *in forma pauperis* to prisoners simply allows them to pay the filing fee over time rather than up front at the initiation of the suit. See 28 U.S.C. § 1915(b).  In addition, if Petitioner chose to have the petition treated as filed pursuant to 42 U.S.C. § 1983, and if the court were to subsequently dismiss the case for failing to state a claim or for other enumerated reasons (see 28 U.S.C. §1915(e)(2)), Petitioner would suffer one "strike" and if he accumulated three such "strikes" (by filing other lawsuits and having them dismissed), he would thereafter be precluded from filing a civil action (other than a proper habeas petition) without paying the entire filing fee unless he was alleging that he was in "imminent danger of serious physical injury."  See 28 U.S.C. § 1915(g).

     The third choice is for Petitioner to inform the court that he wishes to voluntarily withdraw the suit.  The consequence of this action is that his suit would be dismissed and if and when he would attempt to refile, it may well be barred by the statute of limitations.

     In any event, the Petitioner must make some choice and so inform the court in writing by returning the attached form indicating his choice.  Failing to do so, the court will treat the petition as being a petition for habeas corpus and proceed accordingly.

AND NOW, this 23rd day of May, 2006, IT IS HEREBY ORDERED that the Petitioner shall choose whether he wishes (1) to have the court rule on his petition as filed, (2) to have the court treat his petition as a civil rights action pursuant to 42 U.S.C. § 1983; or (3) to withdraw his petition and, IT IS FURTHER ORDERED that on or before June 23, 2006, Petitioner shall sign and return to the Clerk of the United States District Court for the Western District of Pennsylvania one of the two copies of the attached form, indicating which of the three options he has selected.  IT IS FURTHER ORDERED that if the Petitioner fails to return the attached form, the Court shall rule upon the petition as filed.

IT IS FURTHER ORDERED that Petitioner is allowed ten (10) days from this date to appeal this order to the district judge pursuant to Rule 72.1.3(B) of the Local Rules.  Failure to appeal within ten (10) days may constitute waiver of the right to appeal.

/s/   Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

cc:   The Honorable Arthur J. Schwab
      United States District Judge

Thomas William Graham
GL-2076
SCI Houtzdale
P.O. Box 1000
Houtzdale, PA 16698-1000

Suzanne B. Merrick
Thomas, Thomas & Hafer LLP
One Oxford Centre
Suite 1150
301 Grant Street
Pittsburgh, PA 15219

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS WILLIAM GRAHAM,                  )
                                        )
          Petitioner                    )
                                        )
     vs.                                )
                                        )
RICHARD GIGLIOTTI, Warden, THE          )   Civil Action No. 05-925
DISTRICT ATTORNEY OF BUTLER COUNTY,     )   Judge Schwab/
and THE ATTORNEY GENERAL OF THE         )   Magistrate Judge Hay
COMMONWEALTH OF PENNSYLVANIA,           )
                                        )
          Respondents                   )
```

**PETITIONER'S CHOICE OF OPTIONS**

**TO PETITIONER: SELECT ONE OF THE FOLLOWING**

**OPTION 1**

      I, _____, elect to have my petition for writ of habeas corpus ruled upon as filed.

_____          _____
PETITIONER'S SIGNATURE                           DATE

**OPTION 2**

      I, _____, elect to have the court treat the petition as being a complaint in a civil action filed pursuant to 42 U.S.C. § 1983.

_____          _____
PETITIONER'S SIGNATURE                           DATE

**OPTION 3**

      I, _____, withdraw my petition.

_____          _____
PETITIONER'S SIGNATURE                           DATE